UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| In re: **Ronnie Bruce Wapotish and Jill Marie Wapotish,** Debtors. | **Bankruptcy No. 07 B 71218** **Chapter 7** **Judge Manuel Barbosa** |
|---|---|

## MEMORANDUM OPINION

This matter comes before the Court on the motion to annul stay filed by creditor Carlos Dos Santos ("Dos Santos"), pursuant to 11 U.S.C. § 362 (2006), on May 29, 2009. For the reasons set forth herein, the Court grants Dos Santos' motion to annul automatic stay for the limited purpose of seeking recovery against the malpractice insurers of debtor Ronnie Bruce Wapotish ("Ronnie").

## JURISDICTION AND PROCEDURE

The Court has jurisdiction to decide this matter pursuant to 28 U.S.C. § 1334 (2006) and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. It is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G) (2006).

## FACTS AND BACKGROUND

Debtors Ronnie Bruce Wapotish and Jill Marie Wapotish ("Debtors") filed a Chapter 7 voluntary petition on May 18, 2007. On September 19, 2008, Dos Santos filed a dental malpractice case in the Circuit Court of the Nineteenth Judicial Circuit, Lake County, Illinois, case no. 08 L 773, against Ronnie Bruce Wapotish ("Ronnie"). On November 11, 2008, Debtors filed a second amended Schedule F that listed Dos Santos as a creditor with a contingent/un-liquidated/disputed claim of an "unknown" amount for "treatment received from Rollins Family Dental Center." Pursuant to 11 U.S.C. § 362, the malpractice claim was stayed. Dos Santos now

seeks an annulment of the stay to pursue the malpractice action to the extent of insurance coverage and does not seek to interfere with any assets of the bankruptcy estate or to execute on any judgment against the Debtors.

## DISCUSSION

"The automatic stay provision of the Bankruptcy Code, § 362(a), has been described as one of the fundamental debtor protections provided by the bankruptcy laws." Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot., 474 U.S. 494, 503 (1986) (footnote, quotation, and citation omitted). The automatic stay provision prevents the "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title[.]" 11 U.S.C. § 362(a)(1) (2006).

Although the automatic stay provision provides "for a nearly comprehensive stay of proceedings against the debtor," Int'l Bus. Machs. v. Fernstrom Storage & Van Co. (In re Fernstrom Storage & Van Co.), 938 F.2d 731, 735 (7th Cir. 1991), it also requires a court to "grant relief from the stay . . . , such as by terminating, annulling, modifying, or conditioning such stay -- . . . for cause . . . ." 11 U.S.C. § 362(d)(1). "'Cause' as used in § 362(d) has no clear definition and is determined on a case-by-case basis." Fernstrom Storage & Van Co., 938 F.2d at 735 (citations and quotations omitted). Nonetheless, courts have used a variety of factors to determine whether "cause" exists in order to retroactively annul an automatic stay, including:

(1) whether creditor had actual or constructive knowledge of bankruptcy filing and, therefore, of automatic stay;

(2) whether debtor acted in bad faith;

(3) whether there is equity in the property of the estate;

(4) whether property is necessary for an effective reorganization;

(5) whether grounds for relief from stay existed, such that a motion for stay relief, if filed, would likely have been granted prior to the automatic stay violation;

(6) whether failure to grant retroactive relief will cause unnecessary expense to creditor;

(7) whether creditor has detrimentally changed its position on the basis of the action taken;

(8) whether creditor took some affirmative action postpetition to bring about violation of stay;

(9) whether creditor promptly seeks retroactive lifting of stay and approval of action taken;

(10) whether issues in case involve only state law, so that expertise of bankruptcy court is unnecessary;

(11) whether modifying stay will promote judicial economy and whether there will be greater interference with bankruptcy case if stay is not lifted because matters will have to be litigated in bankruptcy court;

(12) whether estate can be protected properly by a requirement that creditors seek enforcement of any judgment through bankruptcy court;

(13) number of bankruptcy filings by debtor;

(14) extent of any prejudice, including to bona fide purchaser;

(15) debtor's compliance with the Bankruptcy Code;

(16) how quickly creditor moved for annulment; and

(17)   how quickly debtor moved to set sale aside;

See Wiencko v. Ehrlich (In re Wiencko), 99 F. App'x 466, 469 (4th Cir. 2004) (factors 10–12); Robbins v. Robbins (In re Robbins), 964 F.2d 342, 345 (4th Cir. 1992) (factors 10–12); Holtkamp v. Littlefield (In re Holtkamp), 669 F.2d 505, 508–509 (7th Cir. 1982) (factors 10–12); Williams v. Levi (In re Williams), 323 B.R. 691, 700 (B.A.P. 9th Cir. 2005) (factors 1–2, 13–17), aff'd, 204 Fed. Appx. 582 (9th Cir. 2006); In re Bennett, 361 B.R. 463, 465 (Bankr. E.D.N.C. 2007) (factors 10–12); In re Campbell, 356 B.R. 722, 725 (Bankr. W.D. Mo. 2006) (factors 1–9); In re Anderson, 341 B.R. 365, 369–70 (Bankr. D. Dist. Col. 2006) (factors 1–7); In re Barr, 318 B.R. 592, 598 (Bankr. M.D. Fla. 2004) (factors 1–2, 5–7); Shaw v. Ehrlich, 294 B.R. 260, 272 (W.D. Va. 2003) (factors 10–12), aff'd, 99 Fed.Appx. 466 (4th Cir. 2004); In re Stockwell, 262 B.R. 275, 281 (Bankr. D. Vt. 2001) (factors 1–7); First Am. Title Ins. Co. v. Lett (In re Lett), 238 B.R. 167, 195 (Bankr. W.D. Mo. 1999) (factors 1–9); In re Adams, 215 B.R. 194, 196 (Bankr. W.D. Mo. 1997) (factors 1, 3–6). This list is not exhaustive and, in any case, one factor may outweigh the others as to be dispositive. Williams, 323 B.R. at 700.

This case presents the question of whether Dos Santos is entitled to an annulment of the automatic stay to pursue a malpractice case only against Ronnie's insurers. Relief from the automatic stay is necessary because, in Illinois, "it is improper to inform the jury, either directly or indirectly, that the defendant is, or is not, insured against liability on a judgment that might be entered against him in a negligence action." Koonce v. Pacilio, 718 N.E.2d 628, 634 (Ill. App. Ct. 1999) (citations and quotations omitted). Thus, in order for Dos Santos to pursue his case against Ronnie's insurers based on Ronnie's alleged negligence, Ronnie must be named as the defendant.

The Seventh Circuit in Fernstrom Storage & Van Co. upheld a bankruptcy court's grant

of relief from automatic stay to recover from the debtor's insurers. 938 F.2d at 733, 737. The Fernstrom Storage & Van Co. court noted that "debtors-defendants suffer little prejudice when they are sued by plaintiffs who seek nothing more than declarations of liability that can serve as a predicate for a recovery against insurers, sureties, or guarantors." Id. at 736. Such a conclusion is equally valid in this case because Dos Santos will only be able to recover from Ronnie's insurers. Therefore, neither the Debtors, nor the estate, will be monetarily affected because the "determination [of liability] will neither deplete the debtor's assets or otherwise interfere with the administration of the bankruptcy proceeding, nor hinder the debtor's fresh start at the close of the proceeding. Rather, it will operate only as 'a prerequisite to recovery against another entity.'" Id. at 734 (quoting Walker v. Wilde (In re Walker), 927 F.2d 1138, 1142 (10th Cir. 1991)).

Debtors argue that: (1) Dos Santos had knowledge of the automatic stay; (2) Dos Santos' filing of suit is void; and (3) granting the automatic stay would lead to an inequitable result. However, none of these contentions have merit. While knowledge of the automatic stay is one factor to consider in determining whether or not to grant an annulment of automatic stay, the factors "are merely a framework for analysis and not a scorecard." Williams, 323 B.R. at 700 (quotation and citation omitted). Since Dos Santos is only attempting to recover against Ronnie's insurer, even if Dos Santos had knowledge of the automatic stay, that factor would not be given determinative weight.

While the Seventh Circuit "is among the authorities that have held actions in violation of the stay to be void[,]" exceptions are also recognized, annulment of stay being one of them. In re Confidential Investigative Consultants, Inc., 178 B.R. 739, 744, 751–52 (Bankr. N.D. Ill. 1995). Finally, the currently pending adversary case in this bankruptcy, Canty v. Wapotish, No. 07-

96082 (Bankr. N.D. Ill. filed Nov. 12, 2007), which seeks to prevent discharge of some or all debts pursuant to 11 U.S.C. §§ 523, 727, has no connection to the request for annulment of automatic stay. Because Dos Santos is only seeking to recover against the Ronnie's insurer, neither Debtors, nor the estate, will be affected. Holtkamp, 669 F.2d at 509.

## CONCLUSION

For the foregoing reasons, the Court grants Dos Santos' motion to annul stay for the limited purpose of seeking recovery from Ronnie's insurers.

THEREFORE, IT IS SO ORDERED.

The foregoing constitutes findings of fact and conclusions of law as required by Fed. R. Civ. P. 52(a) and Fed. R. Bankr. P. 7052. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021 giving effect to the determinations reached herein.

DATE: July 1, 2009

The Honorable Manuel Barbosa
United States Bankruptcy Judge